**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 24, 2012

No. 10-50267

Lyle W. Cayce
Clerk

EVANSTON INSURANCE COMPANY

Plaintiff-Appellant/Cross-Appellee

v.

LEGACY OF LIFE, INC.

Defendant-Appellee/Cross-Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-373

Before ELROD and SOUTHWICK, Circuit Judges.[*]

PER CURIAM:[**]

We explained this case's factual background and the issues involved in a prior opinion. *Evanston Ins. Co. v. Legacy of Life, Inc.*, 645 F.3d 739 (5th Cir. 2011) (*Evanston I*). In that opinion, we explained that this "Texas law diversity case involves important and determinative questions of Texas law as to which

---

[*] Judge Garwood was a member of the panel at the time of oral arguments. His death on July 14, 2011, causes us to decide this case by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50267

there is no controlling Texas Supreme Court precedent," *id.* at 741, therefore we certified the following questions to the Supreme Court of Texas pursuant to Texas Constitution Art. 5, § 3-C and Texas Rule of Appellate Procedure 58.1:

> 1. Does the insurance policy provision for coverage of "personal injury," defined therein as "bodily injury, sickness, or disease including death resulting therefrom sustained by any person," include coverage for mental anguish, unrelated to physical damage to or disease of the plaintiff's body?
>
> 2. Does the insurance policy provision for coverage of "property damage," defined therein as "physical injury to or destruction of tangible property, including consequential loss of use thereof, or loss of use of tangible property which has not been physically injured or destroyed," include coverage for the underlying plaintiff's loss of use of her deceased mother's tissues, organs, bones, and body parts?

*Id.* at 751. The Supreme Court of Texas answered both questions in the negative. *Evanston Ins. Co. v. Legacy of Life, Inc.*, 2012 WL 2476935, at *1 (Tex. 2012). Because the insurance policy does not include coverage for the claims alleged against Legacy of Life, Inc. in the underlying lawsuit, the district court erred in concluding that Evanston Insurance Company had a duty to defend Legacy in that lawsuit. The conclusion that Evanston has no duty to defend Legacy in the underlying lawsuit resolves all remaining issues before this court. *See Evanston I*, 645 F.3d at 751.

Accordingly, we REVERSE the district court's grant of declaratory and partial summary judgment in favor of Legacy and RENDER judgment in favor of Evanston and against Legacy on their respective declaratory judgment claims. We AFFIRM the district court's dismissal of Legacy's remaining counterclaims asserted in its amended answer and the district court's order denying Legacy's request for attorneys' fees in the present lawsuit. We VACATE the district court's order requiring Evanston to pay the costs of this suit.